B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>DANIEL M. MCDERMOTT<br>United States Trustee for Region 21 | DEFENDANTS<br>LUIS D. LUGO-VILLANUEVA |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Julio Guzmán-Carcache, 500 Calle Tanca, Suite 301, San Juan, PR 00901; (787) 729-6445 | ATTORNEYS (If Known)<br>Edgar D. Brito-Borgen, PO Box 362279 San Juan, PR 00936; (787) 749-0665 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(3), (a)(4) and (a)(5).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>LUIS D. LUGO-VILLANUEVA | BANKRUPTCY CASE NO.<br>17-07349 | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | DIVISION OFFICE | NAME OF JUDGE<br>MILDRED CABAN FLORES |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ JULIO GUZMAN-CARCACHE<br>Trial Attorney<br>USDC-PR No. 230104 | | |
| DATE<br><br>MARCH 14, 2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>JULIO GUZMAN-CARCACHE | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE:

**LUIS D. LUGO-VILLANUEVA,**

**Debtor.**

**CASE NO. 17-07349 (MCF)**

**CHAPTER 7**

**DANIEL M. MCDERMOTT,**
**United States Trustee,**

**Plaintiff,**

***v.***

**LUIS D. LUGO-VILLANUEVA,**

**Defendant.**

**Adv. Proc. No. 18-_____ (MCF)**

## COMPLAINT OBJECTING TO DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(a)(3), (4) AND (5)

Plaintiff, Daniel M. McDermott, United States Trustee for Region 21, brings this action pursuant to 11 U.S.C. § 727(a)(3), (4) and (5) for denial of the discharge of Luís D. Lugo-Villanueva ("Defendant" or "Debtor"). In support of this complaint, the United States Trustee respectfully states as follows:

## PARTIES

1.      Plaintiff, Daniel M. McDermott, is the United States Trustee appointed pursuant to 28 U.S.C. § 581 for Region 21, which includes the judicial district of Puerto Rico.  Plaintiff has standing to bring this Complaint pursuant to 11 U.S.C. § 727(c).

2.      Defendant, Luis D. Lugo-Villanueva, is an individual residing at 28 Calle 24, Urb. Villa Carolina, Carolina, PR 00985.

## JURISDICTION

3.        This is an adversary proceeding in which the United States Trustee is seeking a denial of the Defendant's discharge under 11 U.S.C. § 727(a)(3), (4) and (5).  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  This adversary proceeding relates to the chapter 7 bankruptcy case of *In re Luis D. Lugo-Villanueva*, Case No. 17-07349, pending in the United States Bankruptcy Court for the District of Puerto Rico.  Pursuant to 28 U.S.C. § 157(b)(2)(J), this proceeding is a "core" proceeding.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a) and the resolution of the United States District Court for the District of Puerto Rico entered on July 19, 1984.

## ALLEGATIONS
### Bankruptcy Filing and First Meeting of Creditors

4.        On December 18, 2017 ("Petition Date"), the Defendant, with the assistance of Attorney Edgar Brito Borgen ("Attorney Brito"), filed an individual voluntary petition ("Petition") for relief under Chapter 7 of the Bankruptcy Code, seeking to discharge $145,177 in unsecured debt.  Defendant did not file his Schedules or Statement of Financial Affairs ("SOFA") with the Petition.

5.        On Item 4 of the Petition, which required Defendant to list any business names he had used in the last 8 years, Defendant answered that he had not used any business names.

6.        Upon information and belief, Defendant operated an auto tire and repair shop named "Gomera LT" on or around the Petition Date, as a sole proprietorship.  Defendant did not list this information on Item 4 of the Petition.

7.        Upon information and belief, Defendant operated a construction business under the name "Unlimited LT" and/or "Unlimited LT Construction," within the eight years preceding the Petition Date, as a sole proprietorship and/or limited liability company and/or other form of incorporated business. Defendant did not list this information on Item 4 of the Petition.

8.      Defendant signed the Petition and declared under penalty of perjury that the information provided was true and correct.

9.      Attorney Roberto Román Valentín was appointed Chapter 7 Trustee ("Trustee") and the first meeting of creditors ("First Meeting") was scheduled for January 16, 2018 at 8:30 a.m. at the 341 meeting room, Ochoa Building, 500 Tanca Street, Old San Juan, PR.

10.     On December 21, 2017, the Trustee sent an e-mail to Attorney Brito, requesting that Defendant provide several documents, including but not limited to: (i) last four years of Defendant's tax returns; (ii) last three months of bank statements for all of Defendant's accounts; (iii) last year of payment advices; (iv) documentation of pending litigation; (v) financial records of any business; (vi) documentation as to any corporations; and (vii) bank statements for any business or corporate accounts. Upon information and belief, as of today, Defendant has failed to provide the Trustee with any of these documents.

11.     On January 15, 2018, almost a month after the Petition Date, and the day before the First Meeting, Defendant filed a motion requesting 15 additional days to file his Schedules and Statement of Financial Affairs, arguing difficulties gathering the necessary documents, and that his counsel's office lacked electricity until December 11, 2017.  The Court granted the motion and ordered that the documents be filed on or before January 22, 2018.  (Docket No. 10).

12.     On January 16, 2018, the First Meeting was held, with attendances registered by several creditors as well as personnel from the United States Trustee's office.  The Trustee noted the dearth of documents submitted by Defendant, and recalled that Defendant had filed a previous case under Chapter 13 in March, 2017, which was also dismissed due to failure to provide documents. *See* Case No. 17-02069 (MCF).  Defendant promised he would submit to the Trustee all of the documents by January 26, 2018.

13.     At the First Meeting, Defendant testified he "worked under" a "corporation" he wholly owned, called "Unlimited LT." After Hurricane María, he said he closed operations at the corporation, which involved roof repairs and general construction work.

14.     At the First Meeting, when asked about the nature of the claims against him, Defendant responded vaguely, explaining that they were "basically jobs that I had begun, and one way or another, have been left half-way, that we have had problems."

15.     Defendant testified that he maintained a bank account under his name with Scotiabank, where he deposited monies relating to his construction business.  He also withdrew monies to cover his business' expenses from said account.  Upon information and belief, Defendant also made transactions in cash relating to his business proceeds and expenses.

16.     The United States Trustee requested that Defendant provide the bank statements for the Scotiabank account for the last two years. However, as of today, Defendant has failed to provide all of the bank statements requested.

17.     The First Meeting was continued until January 30, 2018, at 2:30 pm.  The Trustee warned Defendant to file complete and accurate Schedules and SOFA.

**The Bankruptcy Schedules**

18.     On January 30, 2018, at 12:55 p.m., just over an hour before the second meeting of creditors ("Second Meeting") was scheduled to begin, and in violation of the Court's order at docket no. 10, Defendant filed with the Court his (i) Schedules; (ii) SOFA; and (iii) Statement of Exemption from Presumption of Abuse Under § 707(b)(2).  (Dockets No. 12-14).

19.     On Schedule A/B, Defendant disclosed that he did not own any real properties.  The only assets he disclosed owning were:

  a.  A 1996 Chevrolet Blazer vehicle, valued at $2,900.

  b.  A TV set (as co-owner) valued at $200

    c.  Clothes valued at $300

    d.  Small home appliances and furniture, valued at $200

    e.  Cash in the amount of $500

    f.  $50 deposited in a Scotiabank account ending in 1488.

    g.  Tools and minor equipment used for construction, valued at $1,000.

20.    Defendant claimed the total value of these assets, $5,150, as exempt on his Schedule C.

21.    Defendant did not disclose his ownership interest over "Unlimited LT," his supposed corporation, on Schedule A/B.

22.    Upon information and belief, "Unlimited LT" is really a limited liability company called "Unlimited LT Construction L.L.C.," and is registered as "Active" at the Puerto Rico Department of State. Defendant did not list this information on Item 19 of Schedule A/B, which requires disclosure of any "non-publicly traded stock and interests in incorporated and unincorporated businesses including an interest in an LLC, partnership, and joint venture."

23.    On Item 33 of Schedule A/B, which requires disclosure of any "claims against third parties, whether or not you have filed a lawsuit or made a demand for payment," Defendant did not disclose any such claims, despite testifying at the Second Meeting that he was defamed by several of his construction clients or their relatives.

24.    On Schedule E/F, Defendant disclosed a $5,000 priority unsecured claim by the Department of Consumer Affairs of Puerto Rico ("DACO"), and $145,177 in non-priority unsecured claims. The non-priority unsecured claims included $126,602 in claims that the Defendant described as "contract default claims," and marked as "disputed."

25.    Upon information and belief, the $126,602 in "contract default claims" relate mostly to deposits Defendant received for construction jobs that he never completed.

26.     On Schedule G, Defendant disclosed that he was a party to a "Residential Home Lease," with a "New Contract Party." Defendant did not disclose the identity of the "new contract party" as required by the Schedule.

27.     On Schedule I, Defendant disclosed he was unemployed, but that his occupation was "independent contractor." Aside from his non-filing spouse's monthly income of $1,260, Defendant disclosed $2,200 in net monthly income from the operation of a business.

28.     On Form 106ISupp, which asks to "Itemize the income and expenses from business activities and real estate," Defendant tersely disclosed the following information:

**Part 1:    Business income & expense**

**Unlimited (Sole proprietorship):**

| Description | Amount |
|---|---|
|  | $5,200.00 |
|  | ($3,000.00) |
| Net Income | $2,200.00 |

**Part 2:    Non-residential real property income & expense**

There is no real property income or expense to report.

29.     Defendant signed the Schedules under penalty of perjury, declaring that he had read them and they were true and correct.

30.     On Item 16 of the SOFA, which asks whether "[w]ithin 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?" Defendant listed a payment to Attorney Brito in the amount of $1,835 (including the filing fee), made on December 15, 2017. However, Defendant left unanswered the question of "Person Who Made the Payment if Not You:",

despite testifying at the Second Meeting that it was his father and brother who had provided him with the funds to pay Attorney Brito's retainer of $1,500.

31.     In addition, upon information and belief, Defendant paid Attorney Brito $1,000 to represent him in his prior case, No. 17-02069, during the one year immediately preceding the Petition Date in the instant case.  Defendant did not list this payment on Item 16 of the SOFA.

32.     On Item 27 of the SOFA, which asks whether "[w]ithin 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?", Defendant checked the box next to "A sole proprietor or self-employed in a trade, profession or other activity, either full-time or part-time."  Defendant did not check the box next to "A member of a limited liability company (LLC) or limited liability partnership," despite his ownership interest over "Unlimited LT Construction, LLC."  When the form asked him to provide more details over his business, Defendant listed the following:

| Business name and address | Describe the nature of the business and identify the accountant or bookkeeper | Employer identification number (Do not include SSN or ITIN) Dates business existed |
| --- | --- | --- |
| Unlimited<br>28 CALLE 24<br>URB. VILLA CAROLINA<br>Carolina, PR  00985 | Construction<br><br>N/A | (Same as SSN/ITIN)<br><br>01/01/2010 to Present |

33.     Defendant misrepresented that his limited liability company, which he did not fully name, was a sole proprietorship.  Defendant also failed to list "Gomera LT," the auto-repair shop he operated on or near the Petition Date.  Defendant additionally failed to list the accountant or bookkeeper for his businesses, despite testifying at the Second Meeting that he engaged the services of an accountant to help with his business affairs.

34.     On Item 9 of the SOFA, which asks whether "within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" Defendant listed the following information:

*UNITED STATES TRUSTEE'S COMPLAINT OBJECTING TO DISCHARGE*
*U.S. TRUSTEE v. LUIS D. LUGO-VILLANUEVA, ADV. NO. 18-_____ (MCF).*                    Page 8 of 17

| Case title | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| DACO VS LUIS DANIEL LUGO VILLANUEVA, No. SJ2017CV01135 | ADMINISTRATIVE | Commonwealth of PR Municipal Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS D LUGO VILLANUEVA, No. SJ-16137 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS LUGO, No. SAN-2017-0068 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS DANIEL LUGO VILLANUEVA, No. SJ2017CV02376 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS DANIEL LUGO VILLANUEVA, No. SJ2017CV00869 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS DANIEL LUGO VILLANUEVA, No. SJ2017CV01113 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | PENDING |
| DACO VS LUIS LUGO, No. SJ2017CV01434 | ADMINISTRATIVE | Commonwealth of PR Superior Court, San Juan PO Box 190887 San Juan, PR 00919-0887 | STAYED |

35.     The Defendant did not provide any documentation as to the above cases, despite the United States Trustee's repeated requests.  The United States Trustee was able to find information on the cases pursuant to his own investigation.

36.     Upon information and belief, Case No. SJ2017CV01135, relates to the following facts. On April 25, 2016, a DACO inspector investigated Defendant's business, and found that he was not licensed and registered as a contractor with said agency, in violation of Puerto Rico Law No. 146 of August 10, 1995.  As a result, the agency fined Defendant $5,000.  When Defendant did not pay the fine, the agency filed Case No. SJ2017CV01135, with the Puerto Rico Court of First Instance ("CFI") on August 3, 2017.  Defendant did not appear at a hearing scheduled for November 13, 2017, thus the CFI entered a default judgment against him and ordered him to pay the fine.

37.     Upon information and belief, Case No. SJ-16137, relates to the following facts.  On January 25, 2016, Defendant, doing business as "Unlimited LT Construction, Inc.," agreed to perform construction work on creditor Alexis Brewer's ("Brewer's") residence.  Although Brewer paid Defendant $6,359.00, Defendant never finished the job as agreed.  Brewer filed a complaint with DACO on March 3, 2016, and said agency's inspection revealed deficiencies in the work performed, which it estimated would cost $11,452 to repair.  DACO found that Defendant engaged in "*prácticas engañosas*" or deceitful practices, and ordered him to pay $11,452 to Brewer.  Despite failing to appeal the administrative ruling, Defendant listed Brewer's $11,452 claim as "disputed" on his Schedule E/F.

38.     Upon information and belief, Case No. SAN-2017-0068, relates to the following facts.  On November 2016, Defendant agreed to perform construction work on creditor Felix Cintrón Morales' ("Cintrón's") residence.  Although Cintrón paid Defendant $2,050, Defendant never finished the job as agreed.  Cintrón filed a complaint with DACO on January 24, 2017, and said agency's inspection found that Defendant breached the construction agreement.  DACO ordered Defendant to return the $2,050.  Despite failing to appeal the administrative ruling, Defendant listed a "$1,950" claim to Cintrón as "disputed" on his Schedule E/F.

39.     Upon information and belief, Case No. SJ2017CV02376, relates to the following facts.  On February 2017, Defendant agreed to perform construction work on creditor Luis Cordero Hernandez's ("Cordero's") residence.  Although Cordero paid Defendant $3,300, Defendant never finished the job as agreed.  Cordero filed a complaint with DACO on March 21, 2017, and said agency's inspection corroborated that Defendant had failed to perform the work as required.  DACO ordered him to return the $3,300.  Despite failing to appeal the administrative ruling, Defendant listed a "$3,500" claim to Cordero as "disputed" on his Schedule E/F.

40.     Upon information and belief, Case No. SJ2017CV00869, relates to the following facts.  On or around late 2016 or early 2017, Defendant agreed to perform construction work for creditors Lara

Calero and María Isabel Cancel's ("Calero and Cancel's") residence.  Although Calero and Cancel paid

Defendant $3,500, Defendant never finished the job as agreed.  Calero and Cancel filed a complaint with

DACO on or about January 2017, and Defendant and Calero and Cancel reached an agreement where

Defendant would pay them the amount of $3,500 in installments.  DACO issued a Resolution

memorializing the agreement on January 25, 2017.  Despite failing to appeal the Resolution, Defendant

listed a "$3,500" claim to Calero and Cancel as "disputed" on his Schedule E/F.

41.    Upon information and belief, Case No. SJ2017CV01113, relates to another

administrative fine imposed by DACO on Defendant.  On March 2, 2017, a DACO official performed

an investigation on Defendant and found that he was still not registered as a contractor with the agency,

despite a similar finding back in April 2016.  On April 12, 2017, DACO imposed another $5,000 fine

against Defendant.  When Defendant did not pay the fine, the agency filed Case No. SJ2017CV01113,

with the Puerto Rico Court of First Instance ("CFI").  Defendant did not list this second fine on his

Schedule E/F.

42.    Upon information and belief, Case No. SJ2017CV01434, stems from the same facts as

the first case cited by Defendant, Case No. SAN-2017-0068.  The number SJ2017CV01434 is the

number assigned by the CFI, when DACO sought enforcement of its resolution in that Court.

43.    Because Defendant did not comply with any of the above resolutions issued by DACO,

said agency had to seek enforcement of the same at the CFI.  Most of the cases in the CFI pending

against Defendant have been stayed due to the commencement of these bankruptcy proceedings.

44.    In total, Defendant collected over $15,000 from creditors Brewer, Cintrón, Cordero,

Calero and Cancel, which he never returned.  Despite the United States Trustee's repeated requests,

Defendant never provided an accounting of how said monies were expended or evidence in support.  At

the Second Meeting, he cursorily testified that some of the monies were spent on materials, without

producing any documentary support.

**Undisclosed Cases**

45.     Upon information and belief, Defendant failed to disclose, as required by SOFA Item 9, that he was a party in each of the following cases, which were pending during the year preceding the Petition Date.

46.     Case No. K AC2017-0057, <u>DACO v. Luis D. Lugo Villanueva</u>.  Upon information and belief, this case was filed by DACO at the CFI on January 23, 2017, and resolved on March 28, 2017. The purpose of the case was to enforce a resolution issued by DACO.

47.     Case No. K AC2017-0107, <u>DACO v. Luis D. Lugo Villanueva</u>.  Upon information and belief, this case was filed by DACO at the CFI on February 2, 2017, and resolved on May 8, 2017.  The purpose of the case was to enforce a resolution issued by DACO.

48.     Case No. F BD2016G0197, <u>People of Puerto Rico v. Luis D. Lugo Villanueva</u>. Upon information and belief, Defendant was the subject of a criminal complaint filed by the Puerto Rico Department of Justice on September 16, 2016.  Defendant was charged with violating Article 182 of the Puerto Rico Criminal Code, dealing with aggravated illegal appropriation.  Defendant was found guilty by the CFI on February 22, 2017.

49.     At the Second Meeting, Defendant mentioned in passing that he was on probation from a criminal case.  The United States Trustee requested that Debtor provide documentation on said case, but Debtor never complied.

50.     Defendant signed the SOFA and declared under penalty of perjury that the information provided was true and correct.

**Post-petition Criminal Case**

51.     Upon information and belief, Defendant was the subject of another criminal complaint filed by the Puerto Rico Department of Justice on January 10, 2018.  Defendant was charged with violating Article 204 of the Puerto Rico Criminal Code, dealing with "Fraud in the execution of works."

The complaint alleged that, on September 15, 2017, Defendant was hired to make some improvements on Lixandra Osorio Felix's ("Osorio's") residence in Carolina, Puerto Rico. After Defendant was paid a $3,400 deposit, he never completed the work as required. Upon information and belief, Defendant issued a check to Osorio in the amount of $3,400, and the charges against him were dismissed on January 31, 2018. Defendant never mentioned this case to the Trustee at any of the meetings of creditors and it is unknown how he obtained the $3,400 to pay Osorio. It should also be noted that Defendant did not list Osorio on his Schedule E/F and much less informed the Court that he paid off this pre-petition debt.

### The Second Meeting of Creditors

52.    The Second Meeting was held on January 30, 2018, with Defendant and various creditors in attendance. However, the Trustee was not able to carry out the meeting effectively, as Defendant had filed his Schedules and SOFA only an hour and a half prior to the meeting.

53.    Defendant arrived at the Second Meeting without providing most of the documents requested by the Trustee and the United States Trustee prior to and during the First Meeting. Defendant only provided a handwritten letter from his father, stating that he had gifted Defendant the amount of $1,500, to pay Attorney Brito's retainer. This, despite Defendant's testimony that his father only provided $750 and his brother the other $750. In addition, Defendant provided only one of the bank statements for his account.

54.    At the Second Meeting, the United States Trustee pointed out the discrepancy between the substantial debts disclosed by Defendant, amounting to $150,177, and the value of his assets, amounting to $5,150.

55.    The United States Trustee thus requested the following information from Defendant at the Second Meeting:

    a.    An accounting as to the Debtor's construction business, reflecting how he indebted
          himself during year preceding the Petition Date.

*United States Trustee's Complaint Objecting To Discharge*
*U.S. Trustee v. Luis D. Lugo-Villanueva, Adv. No. 18-_____ (MCF).*                          Page 13 of 17

    b.   Amend Schedule E/F to include the dates on which each claim was incurred.

    c.   Amend Schedule I/J to include Defendant's income.

    d.   Amend the SOFA, to include unlisted legal proceedings and a description as to each.

    e.   Any tax returns prepared for Defendant.

    f.   Defendant's credit report.

    g.   Bank statements for the period of December 2016 to January 2018, of Debtor's Scotiabank account and his wife's First Bank account, as Debtor testified he also deposited his funds into said account.

    h.   Information relating to Defendant's employer and brother.

    i.   Information as to Defendant's criminal case.

    j.   Evidence relating to Defendant's auto tire shop.

56.    The Trustee continued the meeting until February 27 at 2:30 p.m.

### **The Third Meeting of Creditors**

57.    After the Second Meeting, the United States Trustee followed up his request for information with several e-mails to Attorney Brito, dated February 15 and February 21, 2018.

58.    The Trustee also sent an e-mail to Attorney Brito, reiterating his request for the documents described in paragraph 10, on February 7, 2018.

59.    However, as of today, neither Defendant nor Attorney Brito has provided the documentation and/or amendments requested by the Trustee and the United States Trustee.

60.    Defendant did not attend the third meeting of creditors ("Third Meeting") on February 27, 2018.

61.    Counsel for Defendant did attend, albeit 45 minutes late, and did not provide any of the documents and/or amendments that were requested.

## COUNT I

## **DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(3)**

62.     The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

63.      Section 727(a)(3) of the Bankruptcy Code provides that the Court shall grant a discharge unless, "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."  11 U.S.C. § 727(a)(3).

64.     The Defendant had an obligation to preserve, maintain, and produce records sufficient to enable his creditors to reasonably ascertain his present financial condition and to follow his business transactions for a reasonable period in the past.

65.     Upon information and belief, the Defendant has concealed or failed to keep or preserve recorded information from which his true financial condition and business transactions might be ascertained.  Such concealment or failure to keep or preserve recorded information is not justified under the circumstances of the case.

66.     Defendant's concealment or failure to keep or preserve recorded information is evidenced, in whole or in part, by the allegations in paragraphs 10, 11, 16, 28, 35, 44, 49, 51, 53, 55, 57, 58, 59 and 61.

67.     The Defendant's concealment or failure to keep or preserve recorded information from which his true financial condition and business transactions might be ascertained warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(3).

## COUNT II

## <u>DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A)</u>

68.     The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

69.     Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor has knowingly or fraudulently, in or in connection with the case made a false oath or account.

70.     The United States Trustee alleges that the Defendant has knowingly, fraudulently and/or with reckless indifference to the truth made false oaths and/or accounts in or in connection with his bankruptcy case.  These include, but are not limited to, the allegations in paragraphs 5 to 8; 13, 17, 19; 21 to 24; 26 to 35; 37 to 41; 45 to 48; 50 and 51.

71.     The Defendant's making of false oaths and/or accounts warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## COUNT III

## <u>DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(D)</u>

72.     The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

73.     Section 727(a)(4)(D) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor has knowingly or fraudulently, in or in connection with the case, withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

74.     The United States Trustee alleges that the Defendant has knowingly and fraudulently withheld recorded information concerning his financial affairs from an officer of the Estate.  These withholdings include, but are not limited to, the allegations in paragraphs 10, 11, 16, 28, 35, 44, 49, 51, 53, 55, 57, 58, 59 and 61.

75.     The Defendant's withholding of this information warrants a denial of discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

## COUNT IV

## DENIAL OF DISCHARGE UNDER 11 U.S.C. § 727(a)(5)

76.     The United States Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein.

77.     Section 727(a)(5) of the Bankruptcy Code provides that the Court shall grant a debtor a discharge unless the debtor has failed to satisfactorily explain any loss of assets or deficiency of assets to meet the debtor's liabilities.

78.     The Defendant has failed or refused to satisfactorily explain the disposition of all of the deposits he received from his clients for construction projects which he or his limited liability company never completed.

79.     Additionally, the Defendant has failed or refused to satisfactorily explain how he became indebted for over $150,000, with assets valued at approximately $5,000, as of the Petition Date.

80.     Defendant's failure or refusal to explain includes, but is not limited to, the allegations in paragraphs 10, 11, 16, 28, 35, 44, 49, 51, 53, 55, 57, 58, 59 and 61.

81.     The Defendant's failure to satisfactorily explain his loss of assets or deficiency of assets to meet his liabilities warrants denial of discharge pursuant to 11 U.S.C. § 727(a)(5).

## REQUEST FOR RELIEF

WHEREFORE, the United States Trustee prays the Court:

A.     Enter a judgment declaring that the discharge of the Debtor from his debts is denied under 11 U.S.C. § 727; and

B.     Enter such other and further relief as is just.

The United States Trustee reserves the right to amend this Complaint to include any additional facts revealed through discovery.

**RESPECTFULLY SUBMITTED**

**DATED: March 14, 2018**

**DANIEL M. MCDERMOTT**
United States Trustee for Region 21

**MONSITA LECAROZ ARRIBAS**
Assistant United States Trustee

**U.S. DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

(Electronically Filed)

By:   s/ Julio Guzmán-Carcache
Julio Guzmán-Carcache
Trial Attorney
USDC-PR No. 230104
Julio.Guzman@usdoj.gov
